

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00709-CV

**In the Interest of A.A.M., a Child**

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-02894
Honorable Richard Garcia, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed:  April 4, 2018

AFFIRMED

This is an accelerated appeal from an order terminating Mother and Father's parental rights to the child, A.A.M.[1] Mother contends the evidence is legally and factually insufficient to support the trial court's finding that termination of her parental rights is in the best interests of the child. We affirm the trial court's termination order.

### BACKGROUND

The Texas Department of Family and Protective Services ("the Department") became involved with this family on September 23, 2016, when A.A.M. tested positive for illegal substances at birth. At the time of delivery, Mother tested positive for opiates and benzodiazepine

---

[1] Although the trial court terminated both parents' parental rights, only Mother appeals the trial court's termination order. Therefore, we will only discuss the trial court's order as it pertains to Mother.

and admitted to using marijuana, cocaine, and Adderall within a week of A.A.M.'s birth. After unsuccessful attempts at placing the child with a relative of Mother and in light of Mother's apathy regarding her drug use, the Department filed a petition to terminate Mother's parental rights on December 29, 2016.

Following a show cause hearing on January 10, 2017, the trial court signed a temporary order assigning the Department as temporary managing conservator of the child and ordering Mother to comply with the Department's family service plan. At a status hearing on February 28, 2017, the trial court found Mother had reviewed and signed her service plan. At a permanency hearing on June 28, 2017, the trial court found Mother had not demonstrated adequate and appropriate compliance with the service plan.

During a non-jury trial on October 25, 2017, the trial court heard testimony from Department caseworker Sonia Perez. After receipt of evidence and testimony, the trial court signed an order terminating Mother's parental rights. Specifically, the trial court found Mother (1) used a controlled substance in a manner that endangered the health or safety of A.A.M. and either (a) failed to complete a court-ordered substance abuse treatment program; or (b) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance; (2) was the cause of A.A.M. being born addicted to alcohol or a controlled substance, other than a controlled substance legally obtained by prescription; and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of A.A.M. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O), (P), (R) (West Supp. 2016). The trial court also found termination of Mother's parental rights was in A.A.M.'s best interest. *See id.* § 161.001(b)(2). Mother appeals the trial court's order terminating her parental rights to A.A.M.

## STANDARD OF REVIEW

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001; *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The applicable burden of proof is the clear and convincing standard. TEX. FAM. CODE ANN. § 161.206(a) (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007.

In reviewing the legal sufficiency of the evidence to support the termination of parental rights, the court must "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. "[A] reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.*

In reviewing the factual sufficiency of the evidence to support the termination of parental rights, the court views all the evidence and determines whether a reasonable factfinder could form a firm belief or conviction that a given finding was true. *See id.*; *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). The court "must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *In re J.F.C.*, 96 S.W.3d at 266. "A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *Id.* "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant

that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

### BEST INTEREST OF THE CHILD

Mother challenges the legal and factual sufficiency of the evidence to support the trial court's finding that termination of her parental rights is in A.A.M.'s best interest.

The Texas Supreme Court has enumerated the following factors to assist courts in evaluating a child's best interest: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d at 27. "A trier of fact may measure a parent's future conduct by his past conduct and determine whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

Turning to the evidence regarding the best interest of the child, we consider the *Holley* factors as outlined above.

### *Desires of the Child*

A.A.M. is a young child, who was three months old at the time the Department filed the suit to terminate Mother's parental rights and thirteen months old at the time of trial. A.A.M. was

thus unable to verbally communicate his desires. However, when a child is too young to express his desires, the factfinder may consider whether the child has bonded with its current caregiver, is well-cared for, and has spent minimal time with the parent. *In re J.D.*, 436 S.W.3d 105, 118 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Perez testified A.A.M. had been placed with a foster family for approximately ten months. Perez related that, based on her observations, A.A.M. appeared bonded to his foster parents. Conversely, Perez testified that although Mother's visits with A.A.M. were "possibly" a positive experience for the child, A.A.M. does not appear bonded to Mother because during Mother's visits, A.A.M. cries and reaches away from Mother.

### *Emotional and Physical Danger*

"A mother's use of drugs during pregnancy may amount to conduct that endangers the physical and emotional well-being of the child." *In re J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.). "Drug addiction and its effect on a parent's life" may also endanger a child. *Id.* Perez testified A.A.M. tested positive for methamphetamines and marijuana at the time of his birth. According to Perez, returning A.A.M. to Mother would present an immediate danger to A.A.M. Perez explained Mother tested positive for methamphetamines and amphetamines less than one month prior to trial and has provided no indication she is engaged in dealing with her drug issues. Perez further related Mother's home is not safe, has clothes and broken furniture thrown about, has torn-up walls with holes in them, and looks abandoned.

### *Emotional and Physical Needs/Stability/Plans for the Child*

A child's "need for permanence is the paramount consideration for the child's present and future physical and emotional needs." *Dupree v. Texas Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 87 (Tex. App.—Dallas 1995, no pet.). "The goal of establishing a stable permanent home for a child is a compelling government interest." *In re M.A.N.M.*, 75 S.W.3d 73, 77 (Tex.

App.—San Antonio 2002, no pet.). The trial court "may infer from a parent's past inability or unwillingness to meet a child's physical and emotional needs an inability or unwillingness to meet a child's needs in the future." *In re J.D.*, 436 S.W.3d at 118.

Perez related A.A.M. is thriving in his placement with his foster parents, and that A.A.M.'s current foster placement would lead to permanency for A.A.M. if the trial court terminated Mother's parental rights. Conversely, Perez testified Mother does not have a stable place to live and is not in a position to meet A.A.M.'s emotional or physical needs.

### *Parent's Acts or Omissions/Programs*

Perez testified that Mother did not complete any of the items on her service plan and had offered no explanation as to why she failed to do so. Moreover, Perez explained that although Mother did attend some visits with the child, Mother only attended "about half or less than half of the visits that were possible."

After evaluating the evidence and testimony in light of the *Holley* factors and viewing the evidence in the light most favorable to the trial court's finding, we conclude the trial court could reasonably have formed a firm belief or conviction that termination of Mother's parental rights is in the A.A.M.'s best interest. Likewise, viewing all the evidence, including any disputed or conflicting evidence, we conclude the trial court could reasonably have formed the same firm belief or conviction. Thus, the evidence is both legally and factually sufficient to support the trial court's best interest finding.

### CONCLUSION

Based on the foregoing reasons, we overrule Mother's sole issue on appeal in which she challenges the legal and factual sufficiency of the evidence to support the trial court's finding that

termination of her parental rights is in the best interest of the child. We affirm the trial court's order terminating Mother's parental rights.

Irene Rios, Justice